UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RONALD STEVEN MYERS and GEORGE MYERS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No.: 3:11-CV-380 ) (VARLAN/GUYTON) |
| THE PEOPLES BANK OF EWING, | ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This civil action is before the Court on plaintiffs' Motion for Leave to Amend Plaintiffs' Complaint Nunc-Pro-Tunc [Doc. 13]. Prior to filing the motion for leave to amend, plaintiffs filed an amended complaint [Doc. 9]. Plaintiffs now seek leave to amend their complaint "to provide additional factual and legal support for [p]laintiffs' claims in this action" [*Id*.]. Defendant, although previously having filed a motion to dismiss [Doc. 4], has not filed a response to the motion to amend, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1, 7.2(a).

Rule 15 of the Federal Rules of Civil Procedure provides that a plaintiff may amend the complaint "once as a matter of course" either within "21 days after serving it," Fed. R. Civ. P. (a)(1)(A), or "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier," Fed. R. Civ. P. 15(a)(1)(B). Where the time to amend pleadings as a matter of course has expired, a party may

nonetheless amend its pleadings by leave of the Court, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Plaintiffs contend that, although their motion to amend was filed forty-three days after defendant's service of the motion to dismiss, it was still within the time allotted to plaintiffs to file a response to defendant's motion because the Court granted plaintiffs' unopposed motion for an extension of time, and thus leave should not be required given the "spirit" of Rule 15(a)(1) [Doc. 14]. Plaintiffs contend that the "spirit of Rule 15(a)(1) is such that when a plaintiff is faced with a Rule 12(b) dispositive motion, plaintiff may amend its complaint as a matter of course within the time available to plaintiff to respond to the dispositive motion" [*Id.*]. Alternatively, plaintiffs submit that the proposed amended complaint "adds additional pleaded facts and provides a plausible legal theory of recovery" and that it would be in the interest of justice to grant leave to amend [*Id.*]. Specifically, plaintiffs inform the Court that the proposed amended complaint "details and clarifies several important points germane to the Court's consideration of [d]efendant's Rule 12(b) motion to dismiss" [*Id.*].

The Court notes that defendant's failure to respond may constitute waiver of any opposition to plaintiffs' motion to amend. E.D. Tenn. L.R. 7.2. The Court recognizes, however, that in its reply to plaintiffs' response to defendant's motion to dismiss, which was filed prior plaintiffs' motion to amend but after plaintiffs filed an amended complaint, defendant argues that plaintiffs must obtain leave of Court to amend the complaint because the twenty-one day period provided by Rule 15(a)(1) has expired [Doc. 12]. In light of this position and defendant's failure to respond to the motion to amend, the Court declines to

2

address plaintiffs' "spirit" argument, but finds plaintiffs' motion to amend well taken under Rule 15(a)(2).

Accordingly, the Court hereby **GRANTS** plaintiffs' Motion for Leave to Amend Plaintiffs' Complaint Nunc-Pro-Tunc [Doc. 13]. Although plaintiffs previously filed an amended complaint [Doc. 9], in light of the Court granting the motion pursuant to Rule 15(a)(2) and not Rule 15(a)(1), the Clerk of the Court is **DIRECTED** to **STRIKE** plaintiffs' previously filed amended complaint [Doc. 9] and plaintiffs are **DIRECTED** to file the proposed amended complaint [Doc. 13-1] within five (5) days of the entry of this order. Failure to so file within this time frame, or indicate why no such filing will be made, could result in dismissal for failure to prosecute. *See* Fed. R. Civ. P. 16(f), 41(b). In light of this ruling, and because the filing of a new complaint supersedes the previous complaint and controls the case, *see Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306–07 (6th Cir. 2000), the Court further hereby **DENIES as moot** defendant's motion to dismiss [Doc. 4]. Defendant may re-file this motion, if appropriate, once the amended complaint is filed.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE