UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RONALD STEVEN MYERS and GEORGE MYERS, | ) ) ) |
| Plaintiffs, | ) ) |
| V. | ) No. 3:11-CV-380 ) (VARLAN/GUYTON) ) ) |
| THE PEOPLES BANK OF EWING, | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the order of the District Judge [Doc. 37] referring a Petition Pursuant to T.C.A. § 34-3-104 to Appoint Guardian Ad Litem/Attorney Ad Litem for Plaintiff George Myers [Doc. 37], to the undersigned for disposition. The Court held a hearing on July 11, 2012, to address the Petition to Appoint Guardian Ad Litem. Attorney Russell Egli was present representing Plaintiffs Ronald Myers and George Myers, who were also present. Attorney John Winemiller was present representing the Defendant.

Plaintiff Ronald Steven Myers moves the Court for an order appointing a guardian ad litem for Plaintiff George Myers, his father. The Court has considered this request, the parties' arguments, the applicable law, the powers of this Court, and the procedural posture of this matter, and for the reasons stated below, the Court finds that the Petition is not well-taken. It will be **DENIED**.

While this Court is empowered to appoint guardians ad litem or other fiduciaries for limited circumstances, it appears to the Court that the Petition now before the Court advocates appointment of a far-reaching conservatorship based upon George Myers's mental impairments. Such appointments are governed by state law, and the Petition itself relies upon the Tennessee Code Annotated in requesting the appointment of a fiduciary for George Myers. The Court finds that the relief requested exceeds the scope of this action.

Counsel for the Plaintiffs has submitted a letter to the Court dated June 6, 2012, signed by Brent Neal, M.D. Dr. Neal examined George Myers on April 25, 2012. Dr. Neal sets forth several findings and opinions, *inter alia*:

1. George Myers is "easily confused";
2. He demonstrates "a moderate to severe cognitive impairment";
3. "On mini-cog he would have been considered demented."; and
4. "He is unable to manage his business, legal and financial affairs."

[Doc. 40]. The evidence in the record indicates that these impairments are not going away. In other words, this does not appear to be a matter of temporary disability.

The Petition before the Court requests appointment of a guardian ad litem, but a guardian ad litem's representation is generally limited "to matters related to the suit for which he or she is appointed." 42 Am. Jur. 2d Infants § 170. The relief requested in the Petition exceeds the scope of a traditional guardian ad litem appointment. In contrast to cases involving minors or persons temporarily impaired by acute disorders, the alleged impairments of George Myers call for the Court to make a decision with far-ranging consequences. The request is essentially for a conservatorship, and the Court is inclined to leave such matters to the State of Tennessee and the Chancellors of the State of Tennessee, who are well-versed in such matters.

Further, the Court finds that the only person proposed to serve in the fiduciary capacity is Ms. Anne Matthews, the daughter of George Myers. While a Chancellor may determine Ms. Matthews is an appropriate person to be appointed as conservator to act on her father's behalf, the Court finds that it should not attempt to make that determination under the circumstances of this case and the applicable Tennessee law.

In sum, the Court finds that the alleged mental condition of George Myers may call for a conservator. This Court, however, will not and should not make such a determination. Counsel for the Plaintiffs may seek a conservatorship in the courts of the State of Tennessee, and he may file a motion to stay this case pending disposition of the conservatorship application. See Landis v. N. Amer. Co., 299 U.S. 248, 254 (1936). If a conservator is appointed to George Myers, depending on the scope of that appointment, the conservator may litigate this case on George Myers's behalf.

Accordingly, the Petition to Appoint Guardian Ad Litem/Attorney Ad Litem for Plaintiff George Myers **[Doc. 37]** is **DENIED**. The Court also finds that the Defendant's request for an award of fees and costs is not well-taken, and it is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

  /s H. Bruce Guyton
United States Magistrate Judge